UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF ROSE MARY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:12-cv-00272-TWP-TAB |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANTS MOTION FOR SUMMARY JUDGEMENT**

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Wal-Mart"), Motion for Summary Judgment (Dkt. 23). Plaintiff, the Estate of Rose Mary Jones ("the Estate") filed this suit against Wal-Mart alleging negligence. For the reasons set forth in this Entry, Wal-Mart's motion is **GRANTED**.

**I.  BACKGROUND**

The following facts are undisputed. On February 8, 2011, Rose Mary Jones ("Ms. Jones") shopped at the Wal-Mart store located on Pendleton Pike in Indianapolis, Indiana. After shopping, Ms. Jones experienced shortness of breath and collapsed near her vehicle in the store parking lot. Niyaa Parrish, a bystander, observed Ms. Jones in the parking lot, spoke to her, and called 911 for assistance. Another bystander, Mary Kincy ("Ms. Kincy"), approached and observed Ms. Jones, who had fallen unconscious. Ms. Kincy attempted to find Ms. Jones's pulse. Ms. Kincy was going to attempt to check for a pulse a second time and administer CPR when an unnamed female Wal-Mart security guard joined the women assisting Ms. Jones. The unnamed Wal-Mart security guard told Ms. Kincy to get back, yelled at Ms. Jones, pulled her up by the

arms, and smacked her hand asking "can you understand me?" Dkt. 26-1 at 17. Soon after, paramedics arrived and transported Ms. Jones away by ambulance. Regrettably, Ms. Jones died four days later on February 12, 2011. The Estate filed a wrongful death suit against Wal-Mart claiming that because of Wal-Mart's actions, Ms. Jones suffered damages and died.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III.  DISCUSSION

The Estate claims that Wal-Mart's actions through its security guard, fell below the standard of care as accepted in the State of Indiana for a business, toward its patrons, and their actions caused Ms. Jones to die. Specifically, it alleges the security guard prevented a person or persons from rendering necessary first aid to Ms. Jones. *See* Dkt. 1 at 1–2.  Therefore, the Estate contends Wal-Mart is liable for the wrongful death of Ms. Jones.  A plaintiff in a negligence action under Indiana law must prove three things: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injuries. *Maynard by Maynard v. Indiana Harbor Belt Railroad Co.*, 997 F. Supp. 1128, (N.D. Ind. 1998). In other words, if the Estate cannot produce sufficient evidence to create a triable issue of fact on any one of these elements, summary judgment is appropriate. There is no liability without proof "that the defendant's negligence proximately caused the plaintiff's harm." *Robertson v. B.O.*, 977 N.E.2d 341 (Ind. 2012) (quoting *Spangler v. Bechtel*, 958 N.E.2d 458, 468 (Ind. 2011)).

Wal-Mart contends there is no causation between the security guard's actions and Ms. Jones's death four days later.  "Whether an act is the proximate cause of an injury[ ] depends upon whether the injury was a natural and probable consequence of the negligent act, which, in light of the attending circumstances, could have been reasonably foreseen or anticipated." *Arnold v. F.J. Hab, Inc.*, 754 N.E.2d 912, 917 (Ind. Ct. App. 2001).  A plaintiff who sues on a theory of negligence is required to prove causation and that is generally done through the use of an expert or other medical opinion. Wal-Mart argues there is a void of evidence on causation, specifically because the Estate has produced no expert opinion or doctor testimony connecting the security guard's act of telling the bystanders to get back from Ms. Jones, to her death four

3

days later. In response, the Estate argues Wal-Mart has not produced a medical expert who opines that an expert is needed to establish causation and has therefore failed to negate an essential element of the plaintiff's claim (See Dkt. 26 at 4).

The Court agrees with Wal-Mart that the Estate has not put forth any evidence whatsoever that logically connects the security guard's actions on February 8, 2011 with Ms. Jones's death on February 12, 2011. There is no indication that Ms. Kincy's failure to administer CPR negatively affected Ms. Jones's health. Further, the Estate is mistaken in their assertion that Wal-Mart has a duty to establish that an expert opinion is needed. To the contrary, as the moving party, the Estate must produce some evidence of causation in order to avoid summary judgment. Causation is an essential *prima facie* element of any negligence case; without evidence of causation, plaintiff's claim fails. *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 293-94 (7th Cir. 1996) (citing *Dickison v. Hargitt*, 611 N.E.2d at 694)). Because the Estate has not submitted or designated any evidence to meet its burden of proof on an essential element, summary judgment must be granted in favor of Wal-Mart.

## IV. CONCLUSION

For the reasons set forth above, Wal-Mart's Motion for Summary Judgment (Dkt. 23) is **GRANTED**. A separate judgment will be issued.

SO ORDERED.

Date: 04/12/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

John D. Boren
BOREN OLIVER & COFFEY
johnboren@boclawyers.com

Glen Emmett Koch, II
BOREN OLIVER & COFFEY
glenkoch@boclawyers.com

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com